Reese, J.
delivered the opinion of the court.
Miller is the sheriff of Johnson county, and the other plaintiffs in error his sureties. On the 5th August, 1839, he entered into bond as sheriff and collector for the year 1839, with the co~ plaintiffs in error as his sureties, conditioned for the faithful collection and payment of all taxes by him collected, or which ought to have been collected, on the 1st day of December, 1839. Previously, on the 7th day of May, 1838, he had entered into bond with other sureties as sheriff and collector for two years. The record shows that subsequently, and prior to the execution of the first named bond, his sureties in the bond of 1838, presented their petition to the county court to be released from all further liability, having five days notice, and that the sureties were released from all further liability; but the record does not ■specify them nominatim, but only by description. It has been argued that these proceedings did not release the first sureties, but that they are still liable. We answer; that question does not arise in this suit, and cam only be raised by the government, in a case with said sureties when it may seek to enforce that bond. The sheriff and the present sureties came in voluntarily and gave the new bond, on the ground that su ch release had taken place. It is said again, that as the first sureties were released from all further responsibility, they of course were fixed with all existing responsibility, and consequently they are liable for money collected and in the hands of the sheriff at the time of ¡the release for the year 1839, although not payable till December 1839, and that the new sureties are not liable for such money. The very statement of this argument is pregnant with *199 the proper answer. So far as the sheriff collected money, he did not violate, but comply with his bond. If he did not pay it over in December 1839, it was a breach within the very terms and purpose of the second bond. The sheriff was not bound by law or the tenor of his bond to pay over the money before December, and the new sureties were bound that he should then pay it over, and not the first sureties who had been released.
It is said that it was not shown that the justices had returned proper tax lists, and the county court had properly assessed the taxes for the year 1839. But it is shown that the due power and authority was placed in the hands of the sheriff to collect the taxes for that year. The sheriff could and did collect them, and this suit is brought because he has not paid them over. The case before us cannot be assimilated to tax sales. The